UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES DRURY** | **CIVIL ACTION** |
| **versus** | **NO: 14-1655-JCZ-SS** |
| **WALMART STORES, INC.** | |

### ORDER SCHEDULING SETTLEMENT CONFERENCE

A settlement conference is scheduled in the above-captioned case on **Monday, March 23, 2015 at 2:00 p.m.** before Magistrate Judge Sally Shushan, located at 500 Poydras Street, Hale Boggs Building, Room B-345, New Orleans, Louisiana. **Prior to the conference, the plaintiff is to have made an offer and defendant a counter-offer.** Please see attached settlement checklist.

**On or before Monday, March 16, 2015 at noon,** each party shall submit to the undersigned Magistrate Judge an in-camera letter/memorandum, **NO LONGER THAN THREE PAGES DOUBLE SPACED**, briefly outlining any liability dispute, the damages, the value of the case and what realistic amount the respective party would be willing to offer/accept to settle this matter. **The letter/memorandum may be faxed directly to my chambers at 504-589-4994 or emailed to efile-shushan@laed.uscourts.gov. All counsel are to have access to someone with full settlement authority.**

New Orleans, Louisiana, dated March 4, 2015.

_____
**SALLY SHUSHAN
United States Magistrate Judge**

**Settlement Conference Agenda/Checklist**

1. **Be Prepared**  Know your case.  Prepare your submission to the magistrate judge after reviewing your file, discovery, expert reports, etc.  Keep your submission clear, concise and without superfluous argument.  The submission is limited to three (3) pages double spaced.

    Know if there is an intervention or a lien.  In your written submission tell the magistrate judge how much it is and what categories it breaks into.  Speak to the intervener/lien holder before the conference to make sure your information is up to date and commence negotiations.  Make sure all medicals and expenses are updated and all other applicable information shared with counsel prior to the conference.

    Remember that parties need time to react to new information, for example new medicals.  Parties must have full information to evaluate the case several weeks before the mediation, which enhances the ability to get settlement authority.

2. **Settlement Authority**  Well prior to the settlement conference you should provide your client with your *frank* case evaluation (not just what you intend to put in the settlement memo addressed to the magistrate judge).  Based on the evaluation, obtain realistic settlement authority.  This need not be disclosed up front to the magistrate judge, but having authority will avoid having to contact the client for each monetary move.  That is a waste of everyone's time.

3. **Limit Attendees**  Every case does not merit having two attorneys per party and a client appear for the settlement conference.  If a partner and an associate are working on a case and it is not a high dollar value case, send the associate.  She knows the facts and it is good experience for her.  If group size is limited, the mediation is more likely to be successful.  In smaller cases it is also cost effective to have the client on standby by phone rather than attend in person.

4. **Keep Posturing to a Minimum**  Starting at $3 million when you know that the case is worth $500,000 does no one any good;  Same with defendants who offer $5,000 when they know they will pay much more.  Posturing during court sponsored mediation is a waste of judicial resources.

5. **Exchange Settlement Offers**  The magistrate judge requires that the parties make offers and counter offers before the settlement conference.  Make sure you have done this and if possible, exchange two rounds of offers.  This gives everyone a running start.